UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BENSON FERDINAND,

      Plaintiff,

v.                                            Case No: 5:18-cv-264-Oc-36JSS

SHAWN LUKENS, BRIAN SADOWSKI,
CHRIS STEVENS, JOHN/JANE DOES and
LAKE COUNTY SHERIFF,

      Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's third Motion to Appoint Counsel (Dkt. 47) and Defendants' Motion to Extend Time to Complete Discovery (Dkt. 48).

Plaintiff's third Motion to Appoint Counsel (Dkt. 47) is **DENIED without prejudice**. Although there is no constitutional right to counsel in civil cases, Congress has given district courts discretion under 28 U.S.C. § 1915(e)(1) to request counsel for civil litigants proceeding *in forma pauperis* when exceptional circumstances warrant such appointment. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir.1999).

In deciding whether to grant a request for counsel from an indigent litigant, the Court should answer two threshold questions. First, has the plaintiff made efforts to secure counsel? *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir.1982). Second, does the plaintiff's case have merit? *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir.1987). In determining whether "exceptional circumstances" warrant appointment of counsel, the Court may consider various factors, including: (1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to adequately investigate

the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Ulmer*, 691 F.2d at 213 (cited with approval in *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir.1990)).

Here, Plaintiff has not demonstrated that appointment of counsel is necessary in this case. The issues are not complex. If this case advances to a stage where Plaintiff believes in good faith that he can make the showing of exceptional circumstances necessary to warrant a request for counsel, then Plaintiff may at that time renew his request. Further, if Plaintiff requires additional time to comply with Court deadlines, he may file appropriate motions for extension of time.

Defendants' Motion to Extend Time to Complete Discovery (Dkt. 48) is **GRANTED**. The deadlines in the Case Management and Scheduling Order (Dkt. 42) are **AMENDED** as follows:

1. The Parties are directed to conduct discovery so that the due date of any discovery requested shall be no later than **March 23, 2020**. Any motions relating to discovery shall be filed no later than **TEN (10) DAYS** thereafter.

2. All motions to dismiss and/or for summary judgment shall be filed by **July 2, 2020**. This deadline is also applicable to the filing of any motions or the raising of any affirmative defenses based on qualified immunity.

The Case Management and Scheduling Order (Dkt. 42) in all other respects remains the same.

**DONE** and **ORDERED** in Tampa, Florida, on January 13, 2020.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties